IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID MCCLENDON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:24-cv-393 (MTT) |
| Chief Judge JEFF HANSON *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Pro se plaintiff David McClendon filed this 42 U.S.C. § 1983 action and has moved to proceed *in forma pauperis* (IFP).  Docs. 1; 3; 4.  As discussed below, McClendon satisfies the requirements of poverty, and his motion to proceed IFP (Doc. 4) is **GRANTED**.  Along with granting McClendon IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e).  After screening, the Court concludes that McClendon's complaint is deficient.  Accordingly, within twenty-one days of the entry of this order McClendon is **ORDERED**:

(1) **TO SHOW CAUSE** why his claims against Bibb County State Court Chief Judge Jeff Hanson should not be dismissed based on judicial immunity; and

(2) **TO AMEND** his complaint against the "State of Georgia Civil Courts" and "Mr. Pettis" as stated in this order.

Failure to fully and timely comply with this order may result in the dismissal of this action.[1]

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

## I. DISCUSSION[2]

### A. Financial Status

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, McClendon's financial affidavit states that he is unemployed with an average monthly income of $0.00. Doc. 4 at 1-2. Accordingly, having read and considered McClendon's financial affidavit, the Court finds that McClendon is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 4) is **GRANTED**.

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisonerpossesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Frivolity Review**

Along with granting McClendon IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In this case, McClendon filed a complaint against Bibb County State Court Chief Judge Jeff Hanson on November 4, 2024.  Doc. 1 at 4.  On November 22, 2024, McClendon filed an amended complaint naming the "State of Georgia Civil Courts" and "Mr. Pettis" as additional defendants.  Doc. 3 at 2.  The Court considers both the original and amended complaints for purpose of screening and addresses McClendon's claims, as best the Court can tell, against each defendant below.

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

1. *McClendon's Original Complaint*

On November 4, 2024, McClendon filed a complaint against Judge Hanson, alleging he was "arrested for unconstitutional violation" and the "Judge did not uphold the constitutional law in seeking justice for [him] being false imprisoned." Doc. 1 at 4. McClendon also filed a copy of an order signed by Judge Hanson dated October 31, 2023, granting a motion to dismiss a civil action filed by McClendon on March 29, 2022, in Bibb County State Court against "Bibb County Sex Offender Registration - Support Operations Bureau" for false arrest and imprisonment.[4]  Doc. 3-1 at 40-41.  There are no other allegations or information about McClendon's claims against Judge Hanson. Thus, to the extent McClendon's claims against Judge Hanson in this action are based on the dismissal of McClendon's March 29, 2022 complaint, his claims fail.

Judges are entitled to absolute judicial immunity from liability for damages for acts performed while acting in their judicial capacities. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  Judicial immunity applies to all judicial acts, even if such acts are alleged to be in error, malicious, or in excess of the judge's authority, unless done in the

---

[4] According to Judge Hanson's order, McClendon filed a hand-written document on March 29, 2022, in Bibb County State Court alleging:

> On Aug. 22, 2018 a warrant was issued for a violation of Registration. On Jan 4, 2019 [he] was false imprisoned or arrested. On Aug 17, 2021 a motion to nolle pross was filed and on Sept. 17 the case was dismissed.

Doc. 3-1 at 40.  This document was construed as a complaint against Macon-Bibb County or the Bibb County Sheriff's Office and served on "Bibb County Sex Offender Registration" by delivery to a deputy at the Bibb County Sherrif's Office.  *Id.* at 40-41.

In response, the Bibb County Sherrif's Office moved to dismiss the complaint.  *Id.*  On October 31, 2023, Judge Hanson granted the motion.  *Id.*  He concluded that the complaint did not state a claim upon which relief could be granted because McClendon failed to provide an ante litem notice to Macon-Bibb County or the Bibb County Sheriff's Office, as required by O.C.G.A. § 36-11-1; the complaint did not allege any breach of duty, breach of law, damages, or request any specific relief; and McClendon did not make any specific allegations against the individual officer mentioned in the complaint nor did he serve this individual with the necessary legal documents.  *Id.* at 41.

clear absence of all jurisdiction.  *Bolin*, 225 F.3d at 1239; *see Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).  Accordingly, McClendon is hereby **ORDERED TO SHOW CAUSE** within twenty-one days of the entry of this order why his claims against Judge Hanson should not be dismissed based on judicial immunity.

    2.  *McClendon's Amended Complaint*

On November 22, 2024, McClendon filed an amended complaint naming the "State of Georgia Civil Courts" and "Mr. Pettis" as additional defendants, claiming he was falsely imprisoned and arrested pursuant to a warrant issued without probable cause.  Doc. 3 at 2, 4.  Mr. Pettis's job title is listed as "Sex Offender Registration."  *Id. at 2.*  There are no other allegations about McClendon's claims against these two defendants.  However, McClendon's exhibits indicate that he was required to register as a sex offender and that he faced difficulties when he attempted to register his address with Mr. Pettis.  Doc. 3-1 at 2, 4.  On August 22, 2018, McClendon claims a warrant was issued for his arrest due to "violation of Registration."  *Id.* at 40.  On January 4, 2019, McClendon claims he was "false imprisoned or arrested."  *Id.*  Then, on August 17, 2021, a motion was filed to nolle pross charges against McClendon for failure to register as a sex offender, and on September 17 the motion was granted.  *Id.* at 5, 40.  On March 29, 2022, McClendon filed the civil action in Bibb County State Court mentioned above, which is apparently related to these charges and which Judge Hanson dismissed on October 31, 2023.  *Id*. at 40-41.  McClendon provides no other information about his claims.  Consequently, it is unclear what specific conduct McClendon contends was unlawful, why that conduct was unlawful, and how McClendon was injured as a result of that allegedly unlawful conduct.

5

Given McClendon's pro se status, however, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, McClendon must link any claims he makes to the named defendant. If McClendon fails to link the named defendant to a claim, the claim will be dismissed; if McClendon makes no allegations in the body of his complaint against the named defendant, that defendant will be removed from the action and dismissed. McClendon must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," McClendon list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was McClendon injured as a result of the defendant's actions?

## II. CONCLUSION

For the foregoing reasons, McClendon's motion to proceed IFP (Doc. 4) is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(e), McClendon is hereby **ORDERED** within twenty-one days of the entry of this order:

(1) **TO SHOW CAUSE** why his claims against Judge Hanson should not be dismissed based on judicial immunity; and

(2) **TO AMEND** his complaint against the "State of Georgia Civil Courts" and "Mr. Pettis" as stated in this order.

Failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 3rd day of December 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT