IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID MCCLENDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-393 (MTT) |
| | ) |
| Chief Judge JEFF HANSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pro se Plaintiff David McClendon filed this lawsuit against Bibb County State Court Chief Judge Jeff Hanson, regarding a civil action filed in Bibb County State Court that Judge Hanson dismissed on October 31, 2023.  Docs. 3 at 40-41; 7.  On December 3, 2024, this Court granted McClendon's motion to proceed *in forma pauperis* ("IFP") in this case and found his complaint deficient pursuant to 28 U.S.C. § 1915(e).  Doc. 5.  McClendon was thus ordered to show cause why his claims against Judge Jeff Hanson should not be dismissed based on judicial immunity.  *Id.*  In response, McClendon filed an amended complaint alleging that Judge Hanson did not seek justice according to his sworn duties when he dismissed the above referenced civil suit filed in state court.  Doc. 7.  The Court had informed McClendon that judges are entitled to absolute judicial immunity from liability for damages for acts performed while acting in their judicial capacities.  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  Judicial immunity applies to all judicial acts, even if such acts are alleged to be in error, malicious, or in excess of the judge's authority, unless done in the clear absence of all jurisdiction.  *Id.* at 1239; see *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).

Accordingly, McClendon's amended complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).[1]  Docs. 9; 10.  McClendon has since moved for reconsideration of the order dismissing his complaint.  Doc. 11.

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R. Civ. P. 60(b)) (internal quotation marks omitted).  Rule 60(b)(6), which allows for relief for "any other reason that justifies relief," applies only in extraordinary circumstances. See Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("Motions under [Rule 60(b)] are directed to the sound discretion of the district court.").

Here, McClendon does not identify any mistake, inadvertence, newly discovered evidence, or fraud that would justify reopening the case.  Docs. 11; 11-1.  Nor has he shown any "extraordinary circumstances" that would justify relief under Rule 60(b)(6). Docs. 11; 11-1.  Instead, McClendon moves for reconsideration arguing Judge Hanson did not have "probable cause" to dismiss his civil case in state court.  Doc. 11.  Judge Hanson held a hearing and dismissed McClendon's civil case because his complaint failed to state a claim against "Bibb County Sex Offender Registration - Support Operations Bureau," the only named defendant, and because McClendon failed to comply with Georgia statutory requirements for ante litem notices.  Docs. 3 at 40-41; 11.

---

[1] McClendon also filed a one-page motion to suppress various evidence related to a prior arrest which the Court terminated as moot.  Docs. 8; 9.

-3-

Judge Hanson is entitled to absolute judicial immunity for any claims based on these actions.  See *Bolin*, 225 F.3d at 1239; *see also Imbler*, 424 U.S. at 427-28. Because the Court finds no basis to reconsider its previous order, McClendon's motion for reconsideration (Doc. 11) is **DENIED**.

**SO ORDERED**, this 4th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
