IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID MCCLENDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-393 (MTT) |
| | ) |
| Chief Judge JEFF HANSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pro se Plaintiff David McClendon moves to proceed *in forma pauperis* ("IFP") on appeal. Doc. 15. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows … the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

>  (2) If the district court denies the motion, it must state its reasons in writing.
>  (3) A party who was permitted to proceed in forma pauperis In the district-court action…may proceed in forma pauperis without further authorization, unless:
>
>> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

McClendon was permitted to proceed *in forma pauperis* in the district court action. Doc. 5. Under Federal Rule of Appellate Procedure 24(a)(3), a party who was granted IFP status in district court is permitted to proceed IFP on appeal unless the district court certifies that the appeal is not taken in good faith or that the party is no longer financially eligible. After reviewing the record, the Court finds that Plaintiff is unable to pay the appellate filing fees. However, the Court certifies that the appeal is not taken in good faith because the appeal lacks an arguable basis in law or fact.

"'[G]ood faith … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The party demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the party 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual

and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

McClendon filed this lawsuit against Bibb County State Court Chief Judge Jeff Hanson, regarding Judge Hanson's dismissal of a civil action filed by McClendon.[1] Docs. 3 at 40-41; 7.  McClendon's motion to proceed IFP on appeal states that this Court erred in dismissing the action for failure to state a claim because the amended complaint show [sic] i stated my claim."  Doc. 15 at 1.  The amended complaint alleged that Judge Hanson did not seek justice according to his sworn duties when he dismissed the above-referenced state court action.  Doc. 7.  This Court dismissed McClendon's amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e) based on judicial immunity.  Docs. 9; 10.  Judges are entitled to absolute judicial immunity from liability for damages for acts performed while acting in their judicial capacities.  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  Judicial immunity applies to all judicial acts, even if such acts are alleged to be in error, malicious, or in excess of the judge's authority, unless done in the clear absence of all jurisdiction.  *Id.* at 1239; *see Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).  Judge Hanson is entitled to absolute judicial immunity for any claims based on the dismissal of McClendon's state court action.  See Bolin, 225 F.3d at 1239; see also Imbler, 424 U.S. at 427-28.  Thus, McClendon has raised no issues with arguable merit.  Accordingly, McClendon's motion to proceed IFP on appeal (Doc. 15) is **DENIED**.

---

[1] Judge Hanson held a hearing and dismissed McClendon's civil case because his complaint failed to state a claim against "Bibb County Sex Offender Registration - Support Operations Bureau," the only named defendant, and because McClendon failed to comply with Georgia statutory requirements for ante litem notices.  Docs. 3 at 40-41; 11.

      If McClendon wishes to proceed with the appeal despite this ruling, he may file a motion to proceed IFP directly with the United States Court of Appeals for the Eleventh Circuit pursuant to Federal Rule of Appellate Procedure 24(a)(5) within 30 days of this Order.

      **SO ORDERED**, this 25th day of March, 2025.

                                                            S/ Marc T. Treadwell
                                                         MARC T. TREADWELL, JUDGE
                                                        UNITED STATES DISTRICT COURT